UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| U.H.A., K.A., M. DOE, H.D., D. DOE, *on behalf of themselves and others similarly situated*; and<br><br>THE ADVOCATES FOR HUMAN RIGHTS,<br><br>Petitioner-Plaintiff and Plaintiffs,<br><br>v.<br><br>PAMELA BONDI, *Attorney General of the United States*;<br><br>KRISTI NOEM, *Secretary of the United States Department of Homeland Security*;<br><br>TODD M. LYONS, *Acting Director of the United States Immigration and Customs Enforcement*;<br><br>DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*;<br><br>JOSEPH B. EDLOW, *Director, U.S. Citizenship and Immigration Services*,<br><br>Defendants-Respondents. | Civil No. 26-417 (JRT/DLM)<br><br><br><br>**MEMORANDUM OPINION ON MOTION FOR CLARIFICATION** |

Ariana Kiener, Bryan Plaster, E. Michelle Drake, Hans W. Lodge, John G. Albanese, Jordan C. Hughes, Joseph Hashmall, Katherine Raths, Marika K. O'Connor Grant, Soledad Slowing Romero, **BERGER MONTAGUE PC**, 1229

Tyler Street Northeast, Suite 205, Minneapolis, MN 55413; Bardis Vakili, **LAW OFFICE OF BARDIS VAKILI**, P.O. Box 234160, Encinitas, CA 92023; Megan McLaughlin Hauptman, **INTERNATIONAL REFUGEE ASSISTANCE PROJECT**, 650 Massachusetts Ave, Suite 600, Washington, DC 20009; and Sarah Kahn, **CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW**, 1505 East Seventeenth Street, Suite 117, Santa Ana, CA 92705, for Petitioner-Plaintiff and Plaintiffs.

Ana H. Voss, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Defendants-Respondents.

Plaintiffs initiated this putative class action on behalf of Minnesota residents who are refugees and have not yet been adjusted to lawful permanent resident status and moved for a temporary restraining order. (Docket No. 16.) On January 28, 2026, the Court granted Plaintiffs' motion for a temporary restraining order (TRO) and (1) enjoined Defendants from arresting or detaining any member of the putative class in Minnesota on the basis that they are a refugee who has not yet adjusted to lawful permanent resident status; and (2) ordered the immediate return and release of the members of a putative subclass consisting of those refugees who are presently detained under the policy (Docket No 41). The next day, Plaintiffs filed a motion seeking to clarify (1) whether Court intended to grant U.H.A.'s petition for writ of habeas corpus, in addition to granting the TRO, and (2) whether good cause exists to extend the default, 14-day TRO time limit (Docket No. 45). After careful consideration, the Court will find that good cause exists to extend the TRO beyond the 14-day limit set forth in Rule 65(b)(2) of the Federal Rules of Civil Procedure. Because U.H.A. is a member of the Detained Subclass and has therefore

been ordered to be released, the Court need not rule on the merits of U.H.A.'s habeas petition at this stage of the proceedings.

## BACKGROUND

On January 9, 2026, the Department of Homeland Security (DHS) and U.S. Citizenship and Immigration Services announced Operation Post-Admission Refugee Reverification and Integrity Strengthening ("Operation PARRIS"). (Class Action Compl. & Am. Pet. for Writ of Habeas Corpus ("Am. Pet.") ¶ 1, Jan. 24, 2026, Docket No. 12.) The initiative seeks to target and reexamine the legal status of Minnesota's 5,600 refugees who have not yet secured permanent resident status. (Declaration of E. Michelle Drake ("Drake Decl.") ¶ 17, Ex. 15, Jan. 24, 2026, Docket No. 16-19.) Plaintiffs commenced this putative class action seeking to challenge the refugee detention policy Defendants have employed in furtherance of Operation PARRIS. (Docket No. 12.)

Before being brought as a putative class action, Petitioner-Plaintiff U.H.A. filed a Verified Petition for Writ of Habeas Corpus on January 18, 2026, following his arrest and detention under refugee detention policy. (Docket No. 1.) Defendants timely responded to the Petition on January 21 (Docket No. 5), and U.H.A. replied (Docket No. 11).

On January 24, 2026, U.H.A, K.A., H.D., D. Doe., M. Doe., and The Advocates for Human Rights (collectively, "Plaintiffs") properly amended their pleading and filed a Class Action Complaint and Amended Petition for Writ of Habeas Corpus (Docket No. 12). That

same day, Plaintiffs filed other motions,[1] including a motion for a temporary restraining order, which the Court granted on January 28, 2026 (Docket No. 41).

Among other things, the Court granted temporary relief to a putative "Class" defined as "[a]ll individuals with refugee status who are residing in the state of Minnesota, who have not yet adjusted to lawful permanent resident status, and have not been charged with any ground for removal under the Immigration and Nationality Act" and enjoined Defendants from arresting and detaining any member of the Class on the basis that they are a refugee who has not been adjusted to lawful permanent resident status. (Mem. Op. and Order at 31, Jan. 28, 2026, Docket No. 41.)  The Court also granted temporary relief to a putative "Detained Subclass" defined as "[a]ll members of the Class who are or will be detained by DHS pursuant to the Refugee Detention Policy" and ordered their release.  (*Id.*)  The Court further ordered that Defendants' Response regarding a preliminary injunction be due on February 9, 2026 and Plaintiffs' reply be due February 13.  (*Id.* at 32.)  The Court also scheduled a hearing for a preliminary injunction for February 19.  (*Id.*)

The next day, Plaintiffs filed a Motion for Clarification.  Plaintiffs disclosed that "[p]laintiffs are informed that Respondents do not intend to immediately comply the

---

[1] (1) Motion for Entry of Preliminary Protective Order (Docket No. 13); (2) Motion for Leave to Proceed Under Pseudonyms and to Seal (Docket No. 14); (3) Motion for Rule 23(b)(2) Class Certification (Docket No. 15); and (4) Motion for Temporary Restraining Order and Immediate Postponement of Agency Action (Docket No. 16).

Court's Order" because they intend to seek a stay. (Pl.'s Mot. for Clarification at 1, Jan. 29, 2026, Docket No. 45.) Plaintiffs also requested that the Court clarify (1) whether the Court intended to grant Petitioner-Plaintiff U.H.A.'s petition for writ of habeas corpus and (2) whether good cause exists to extend the TRO beyond the 14-day time limit under Rule 65(b)(2) of the Federal Rules of Civil Procedure.

## DISCUSSION

The purpose of a temporary restraining order or preliminary injunctive relief is to maintain the status quo. *Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 664 (8th Cir. 2022). In general, a temporary restraining order expires 14 days after entry. Fed. R. Civ. P. 65(b)(2). But if the "adverse party consents" or the Court finds "good cause" for an extension, the Court may extend the 14-day limit for a "like period"—to 28 days. *Id.* If the Court grants an extension, the Court must state its reasons on the record. *Id.* Here, the Court entered an order granting the TRO on January 28, 2026; absent an extension, the TRO would expire on February 11, 2026. If the Court were to grant a 14-day extension, the order would expire on February 25, 2026.

The Court will find that good cause exists to extend the TRO for an additional 14 days—to February 25, 2026—for at least two independent reasons. First, given the significance of the legal issues in this case, additional time will benefit both the parties and the Court in considering those issues and preparing written filings. *See Dakotans for Health v. Anderson*, 675 F. Supp. 3d 919, 993 (D.S.D. 2023) (finding good cause to exists because the extension gave the Court "additional time to think through the legal issues . . .

5

and to write the decision on whether to grant a preliminary injunction.") Second, the Court has a two-week criminal trial scheduled between now and the preliminary injunction hearing currently set for February 19, 2026; accordingly, accommodating a preliminary injunction hearing in the coming weeks will be difficult. *See Flying Cross Check, LLC v. Central Hockey League, Inc.*, 153 F. Supp. 2d 1253, 1260 (D. Kan. 2001) (noting that "good cause" may exist if "the court's calendar cannot reasonably accommodate an earlier setting for the preliminary injunction hearing").[2] For these reasons, the Court finds good cause for an extension. Therefore, the TRO the Court entered on January 28, 2026 will remain in effect until February 25, 2026 or until the Court issues an order on the preliminary injunction—whichever is earlier.[3]

Finally, Plaintiffs ask the Court for clarification as to whether the Court intended to grant Petitioner-Plaintiff U.H.A.'s petition for writ of habeas corpus. As reflected in the Order, the Court did not rule on the merits of the petition. However, U.H.A. is a member

---

[2] Defendants could also be understood to have consented to an extension under Rule 65(b)(2). At a status conference on January 26, 2026—two days before the Court entered the TRO—Defendants requested that they be given **two weeks** to respond to Plaintiff's motion for a temporary restraining order. (Hr'g Tr. at 14, Jan. 29, 2026, Docket No. 42 (The Court: "So if we are looking at a hearing on a preliminary injunction, regardless of what happens with the TRO, you want two weeks to respond to this in writing?" Defendants' counsel: "Yes, sir.").) Therefore, if the Court granted Defendants two weeks to respond and the Court did not extend the 14-day time limit, Plaintiffs and the Court would have, collectively, **two days** to issue an order before the TRO expired, which would be patently unfair to Plaintiffs and the Court.

[3] Because the Court has extended the TRO's effect for good cause, this matter is not automatically appealable. *See In re Bhd. of Ry., Airline & S.S. Clerks, Freight Handlers & Express and Station Emps.*, 608 F.2d 1073 (8th Cir. 1979).

of the putative Detained Subclass as he has been "detained by DHS pursuant to the Refugee Detention Policy." (*See* Mem. Op. and Order at 31.)  Because he is a member of the putative Detained Subclass, he is subject to immediate release.  Because Defendants have been directed by an Order of this Court to immediately release U.H.A., the Court need not rule on the merits of U.H.A.'s petition for writ of habeas corpus at this time.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Clarification (Docket No. [45]) is **GRANTED in part and DENIED in part, as follows:**

1. Plaintiff's request that the Court find good cause to extend the effect of the temporary restraining order entered by the Court on January 28, 2026 (Docket No. 41), for an additional 14 days, is **GRANTED**.  Therefore, the temporary restraining order will remain in effect until February 25, 2026, or until the Court issues an order on the preliminary injunction—whichever is earlier.

2. The Court **DENIES** Plaintiffs' request to rule on Plaintiff-Petitioner U.H.A.'s Petition for Writ of Habeas Corpus as premature, because Defendants are required to immediately release U.H.A. under the terms of the temporary restraining order.

DATED: January 29, 2026
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge