UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| U.H.A., K.A., M. Doe, H.D., D. Doe, on behalf of themselves and others similarly situated; and The Advocates for Human Rights,<br><br>  Petitioner-Plaintiff and Plaintiffs,<br><br>v.<br><br>Pamela Bondi, Attorney General of the United States; Kristi Noem, Secretary of the United States Department of Homeland Security; Todd M. Lyons, Acting Director of the United States Immigration and Customs Enforcement; David Easterwood, Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement; Joseph B. Edlow, Director, U.S. Citizenship and Immigration Services,<br><br>  Defendants-Respondents. | No. 26-cv-417 (JRT/DLM)<br><br>**ORDER** |

  Non-party Law Dork has filed an Expedited Motion to Intervene under Federal Rule of Civil Procedure 24(b). (Doc. 92.) Law Dork, an independent legal news outlet, makes three requests in its motion: (1) "to obtain public access to the docket in this case"; (2) to "make available a public access line for all future proceedings"; and (3) "that the Court only temporarily seal the documents that Defendants have been instructed to file under seal, particularly the ICE recission memorandum regarding 8 U.S.C. § 1159[.]" (Doc. 94 at 3.) Law Dork asserts that it "seeks to intervene for the limited purpose of protecting the public's right of access to court records and proceedings." (*Id*. at 2.) Because each of Law

1

Dork's requests has been satisfied there is no basis for Law Dork's intervention, and the Court denies Law Dork's Expedited Motion to Intervene (Doc. 92).

First, Law Dork seeks to intervene in this case to obtain public access to the docket in this case. It states that it is a news agency, and granting unrestricted electronic access to court records will protect the public's right of access to court proceedings. (Doc. 94 at 2-3.) But the public may already access filings in this case through the public terminals available at each federal courthouse in the district. Second, Law Dork asks the Court to expand remote hearing access—which is already available to Law Dork as a credentialed member of the media—to members of the public, on behalf of its readership. The Court, by policy, does not offer remote hearing access to the public; members of the public are welcome to attend in-person proceedings. Finally, Law Dork asks the Court to only temporarily seal certain documents that Defendants were instructed to file under seal. The Court has removed the requirement that Defendants file certain documents under seal, particularly the ICE recission memorandum regarding 8 U.S.C. § 1159. (Doc. 111.) Because each of Law Dork's requests has been satisfied and the public's right of access to the courts is protected, this Court concludes no basis exists for Law Dork to intervene in this action. Law Dork's Expedited Motion to Intervene (Doc. 92) is denied.

**SO ORDERED**.


DATED:  February 18, 2026                     *s/Douglas L. Micko*
                                              DOUGLAS L. MICKO
                                              United States Magistrate Judge